# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| KRAIG MCHARDY, | ) |
| | ) |
| Plaintiff | ) |
| | ) **Case No.:** |
| v. | ) |
| | ) **COMPLAINT AND DEMAND FOR** |
| DIVERSIFIED CONSULTANTS, | ) **JURY TRIAL** |
| INC., | ) |
| | ) |
| Defendant | ) |

## COMPLAINT

KRAIG MCHARDY ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., allege the following against DIVERSIFIED CONSULANTS, INC. ("Defendant"):

## INTRODUCTION

1.     Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq* ("TCPA") and the Florida Consumer Collection Practices Act, Florida Statute §559.55 *et seq.* ("FCCPA").

## JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331.  See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

1

3.     Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Plaintiff's claims under the Florida Consumer Collection Practices Act, Fla. Stat. ("FCCPA"), § 559.55, et seq., because those claims share a common nucleus of operative facts with Plaintiff's claims under the TCPA. See LeBlanc v. Unifund CCR Partners, 601 F.3d 1185 (11th Cir. 2010).

4.     Defendant conducts business in the State of Florida, and as such, personal jurisdiction is established.

5.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

6.     Plaintiff is a natural person residing in Port St. Lucie, Florida 34952.

7.     Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

8.     Plaintiff is a "consumer" as defined by the FCCPA and is a person whom the act was intended to protect, FCCPA, Fla. Stat. § 559.55(8).

9.     Defendant is a company with its principal place of business located at 10550 Deerwood Park Boulevard, Suite 309, Jacksonville FL 32256.

10.     Defendant is a "person" as that term is defined by 47 U.S.C. § 153 (39).

11.     Defendant is a "creditor" as that term is defined in the FCCPA, Fla. Stat. § 559.55(5).

2

PLAINTIFF'S COMPLAINT

12.     At all relevant times, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13.     Plaintiff has a cellular telephone.

14.     Plaintiff has only used this phone as a cellular telephone.

15.     Beginning in or around November 2015 and continuing thereafter, Defendant called Plaintiff on his cellular telephone on a repetitive and continuous basis in its attempts to collect an alleged debt that was primarily incurred for personal, family, or household purposes.

16.     When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and/or automatic and/or pre-recorded messages.

17.     Plaintiff knew Defendant was using an automatic telephone dialing system and/or automatic and/or pre-recorded messages as he would be regularly greeted with an automated message prior to speaking to Defendant's collectors.

18.     Defendant's telephone calls were not made for "emergency purposes."

19.     Shortly after Defendant's calls commenced in or around November 2015, Plaintiff spoke to Defendant and requested that Defendant stop calling.

3

20.    Plaintiff reiterated this request for calls to cease several more times in or around November 2015.

21.    Once Defendant was informed that its calls were unwanted and to stop calling, there was no lawful purpose to making additional calls, nor was there any good faith reason to place calls.

22.    Despite the above, Defendant continued to call Plaintiff on a repeated basis for several months.

23.    Defendant's persistent calls were aggravating, vexatious and unnerving to Plaintiff during this time period.

24.    Upon information and belief, Defendant conducts its business in a manner that violates the Telephone Consumer Protection Act.

**COUNT I**
**DEFENDANT VIOLATED THE TCPA**

25.    Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

26.    Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using an automated message and/or prerecorded voice and/or automatic telephone dialing system.

27.    Defendant's calls to Plaintiff were not made for emergency purposes.

4

28.    Defendant's calls to Plaintiff after he revoked consent in or around November 2015 were not made with Plaintiff's prior express consent.

29.    Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

30.    The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

31.    As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

## COUNT II
## DEFENDANT VIOLATED THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

32.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

33.    Any person attempting to collect a consumer debt violate § 559.72(7) by willfully communicating with the debt with such frequency as can reasonably be expected to harass the debtor or willfully engaging in other conduct which can be reasonable excepted to abuse or harass, the debtor, such as causing a telephone

to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass.

34. Defendant violated § 559.72(7) when it placed repeated and continuous telephone calls to Plaintiff despite knowing its calls were unwanted within the two year period preceding the filing of this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KRAIG MCHARDY, respectfully prays for a judgment as follows:

    a.      Statutory damages of $1,000.00 pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

    b.      Costs and reasonable attorneys' fees pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

    c.      Actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    d.      Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    e.      Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);  and

    f.      Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

    g.      Any other relief deemed appropriate by this Honorable Court.

f.   Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

g.  Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, KRAIG MCHARDY, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: March 13, 2018

By: */s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: teamkimmel@creditlaw.com

7